**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

HECTOR MORGAN                                    :
                                                 :        C.A. No.
            v.                                   :
DAVID A. MARSH and WAYNE STORAGE CO. :
T/A WAYNE MOVING & STORAGE                       :
COMPANY, INC.                                    :

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE:

Defendants, David A. Marsh and Wayne Storage Co. t/a Wayne Moving and Storage

Company, Inc., by and through their attorneys, Rawle and Henderson, LLP, respectfully aver as

follows:

1.      Plaintiff has commenced a civil action against defendants in the Superior Court of

Delaware in and for New Castle County.  The Complaint, being the original process in this case,

was first received by defendant, Wayne Moving & Storage Co., no earlier than October 25, 2007,

2007.  (*See attached letter as Exhibit "B"*)

2.      Accordingly, this Notice of Removal was timely filed within thirty (30) days of

receipt of the information indicating that the jurisdictional amount may be satisfied pursuant to

28 U.S.C. §1446 (b).

3.      In the Complaint, Plaintiff alleged that as a result of the motor vehicle accident at

issue in this lawsuit, he" sustained permanent, serious personal injuries, including pain and

suffering as well as mental and emotional injuries. " *See Exhibit A ¶10.*

4.      In addition, in the Complaint Plaintiff alleged that Hector Morgan has "incurred

substantial medical expenses in the past which will continue in the future. *See Exhibit A ¶11.*

5.      In addition, in the Complaint Plaintiff alleged that Hector Morgan has "sustained

a loss of earnings and loss of earning capacity. *See Exhibit A ¶12.*

2187853-1

6.      Based upon a fair reading of the Complaint, plaintiff has set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.  In addition, plaintiff has certified that the value of the matter is in excess of $100,000.  *See Certificate of Value attached as Exhibit C.*

7.      Defendant, Wayne Storage Co. at all material times, was and is a corporation incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business located in West Chester, Pennsylvania. *See Exhibit A.*

8.      Defendant, David A. Marsh, at all material times was and is a resident of the Commonwealth of Pennsylvania. *See Exhibit A.*

9.      At all material times hereto, based upon information and belief, plaintiff is and was a citizen of Delaware.  *See Exhibit A.*

10.     Diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between plaintiffs and defendants since:

    (a)      plaintiff is a citizen and resident of the State of Delaware; and

    (b)      defendants are not a citizens or residents of the State of Delaware.

11.     Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441 as amended, and 28 U.S.C. §1446.

12.     As of the date of this removal, service on defendant, David A. Marsh has yet to be effectuated.  However, the undersigned counsel also represents Defendant, David A. Marsh and he has consented to the removal of this action.

WHEREFORE, defendants, David A. Marsh and Wayne Storage Co. t/a Wayne Moving and Storage Company, Inc. pray that the above-captioned action now pending in the Superior

2187853-1

Court of Delaware in and for New Castle County, be removed there from to this Honorable

Court.

RAWLE & HENDERSON LLP

By: _____
    Delia A. Clark (DAC #3337)
    Attorneys for Defendants, David A. Marsh
     and Wayne Moving & Storage Company, Inc.
    300 Delaware Avenue, Ste. 1015
    Wilmington, DE 19801
    (302) 778-1200

2187853-1

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned Notice of Removal Pursuant to 28 U.S.C. §1446(d) was served via first-class mail, postage prepaid, on counsel for plaintiff listed below:

John F. Gangi
Gangi & Pritzkur
712 West Street
Wilmington, DE 19801

RAWLE & HENDERSON LLP

Delia A. Clark

Dated: November 8, 2007

2187853-1

EXHIBIT "A"

EFiled: Sep 11 2007 1:33PM EDT
Transaction ID 16264404
Case No. 07C-09-077 PLA

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| HECTOR MORGAN, | * | |
| | * | |
| Plaintiff, | * | C.A. No |
| | * | |
| vs. | * | NON-ARBITRATION CASE |
| | * | |
| DAVID A. MARSH and WAYNE | * | JURY OF 12 DEMANDED |
| STORAGE CO., a Pennsylvania | * | |
| corporation, t/a WAYNE MOVING & | * | |
| STORAGE COMPANY, INC. | * | |
| | * | |
| Defendants | * | |

## COMPLAINT

1.  Plaintiff, Hector Morgan, is a resident of the State of Delaware and resides at 625 Homestead Road, Wilmington, Delaware 19805.

2.  Defendant, David A. Marsh, upon information and belief, is a resident of the State of Pennsylvania and resides at 28 Route 41, Gap, Pennsylvania 17527. Pursuant to 10 <u>Del. C.</u> §3112, he is deemed to have appointed the Secretary of State of Delaware as his agent for acceptance of process in this matter

3.  Defendant, Wayne Storage Co. t/a Wayne Moving & Storage Company, Inc., upon information and belief, is a Pennsylvania corporation with offices at 100 Lawrence Drive, West Chester, Pennsylvania 19380. Pursuant to 10 <u>Del. C.</u> §3112, it is deemed to have appointed the Secretary of State of Delaware as its agent for acceptance of process in this matter.

4.  On or about September 13, 2005 at approximately 7:43 P.M., Plaintiff, Hector Morgan, was operating a motor vehicle traveling north in the left lane on West 2nd Street near the intersection of North Washington Street.

5. At said time and place, Defendant, David A. Marsh, was operating a Wayne Moving & Storage Company truck in the middle lane on West 2nd Street.

6 At said time and place, Defendant, David A. Marsh, suddenly and without warning, turned left in front of Plaintiff's vehicle striking it on the left right passenger side

7 The aforementioned collision was proximately caused by the negligence of Defendant, David A Marsh, in that he:

a Moved his vehicle from one lane to another when it was unsafe to do so in violation of 21 Del. C. §4122(1);

b. Operated his vehicle carelessly or in an imprudent manner without due regard to the road, weather and traffic conditions then existing in violation of 21 Del. C. §4176(a);

c Operated his vehicle in an inattentive manner or failed to maintain a proper lookout in violation of 21 Del. C. §4176(b);

d. Operated his vehicle at a speed greater than was reasonable and prudent under the circumstances and without having regard to the actual and potential hazards then existing in violation of 21 Del. C. §4168;

e. Failed to maintain his common law duty of lookout, and;

f. Failed to exercise and maintain proper control of his vehicle.

8. The aforementioned collision was proximately caused by the reckless or wanton conduct of Defendant, David A Marsh, in that he:

a. Drove his vehicle in wanton disregard for the safety of persons or property in violation of 21 Del. C. §4175;

b Drove his vehicle in an aggressive manner in violation of 21 Del. C. §4175; and

c Exhibited a conscious disregard of, or conscious indifference to the rights and

safety of other motorists, including Plaintiff, Hector Morgan, under circumstances where the foreseeability of harm to such motorist was or should have been reasonably apparent to the Defendant.

9. Upon information and belief, the afore mentioned collision was proximately caused by the negligence of Defendant, Wayne Storage Co. t/a Wayne Moving & Storage Company, Inc., in that it negligently or recklessly employed or retained Defendant, David A. Marsh, as an employee or agent and negligently or recklessly entrusted its truck to Defendant, David A. Marsh, when it knew or should have known that he was incompetent to drive the vehicle safely and that he posted a danger to others traveling on the roadway. As such, Defendant Wayne Storage Co. t/a Wayne Moving & Storage Company, Inc., is liable for the acts of its employees under the Doctrine of Respondeat Superior.

10. As a direct and proximate result of the negligence of Defendants, David A. Marsh and Wayne Storage Co. t/a Wayne Moving & Storage Company, Inc., Plaintiff, Hector Morgan, sustained permanent, serious personal injuries, including pain and suffering as well as mental and emotional injuries.

11. As a further proximate result of the negligence of Defendants, David A. Marsh, and Wayne Storage Co t/a Wayne Moving & Storage Company, Inc., Plaintiff, Hector Morgan, has incurred medical expenses in the past which will continue in the future.

12. As a further proximate result of the negligence of Defendants, David A. Marsh and Wayne Storage Co. t/a Wayne Moving & Storage Company, Inc., Plaintiff, Hector Morgan, has sustained a loss of earnings and a loss of earning capacity.

**WHEREFORE**, Plaintiff, Hector Morgan, prays and demands judgment against the defendants, jointly and severally, for his compensatory damages, plus an award of punitive damages,

together with interest and the costs of this action.

GANGI & PRITZKUR, P A.

BY:___/SS/   John F. Gangi_____
          JOHN F. GANGI, ESQUIRE (ID No  1034)
          712 West Street
          Wilmington, Delaware 19801
          (302) 656-4090
          Attorney for Plaintiff

DATED:  September 11, 2007

**EXHIBIT "B"**

# GANGI & PRITZKUR, P.A.

Attorneys at Law
712 West Street
Wilmington, Delaware 19801

Fax (302) 656-4233

John F. Gangi
Lewis H. Pritzkur

———
(302) 656-4090

October 25, 2007

**BY REGISTERED MAIL**
(Return Receipt Requested)

*Wayne Storage Co.*
*t/a Wayne Moving & Storage Company, Inc.*
*100 Lawrence Drive*
*West Chester, Pennsylvania 19380*

      RE:   Hector Morgan v. David A. Marsh and Wayne Storage
              Co. t/a Wayne Moving & Storage Company, Inc.
              Civil Action No. 07C-09-077 PLA

Dear Sir/Madam:

    A lawsuit has been filed against you in the Superior Court of the State of Delaware. Enclosed is a copy of the process and the Complaint which has been served upon the Secretary of State in Delaware since you are a non-resident.

    Please be advised that such service is as effectual to all intents and purposes as if it had been made upon you personally within this State.

                     Very truly yours,

                     JOHN F. GANGI

JFG/nb
Encls.

cc: Mr. Hector Morgan

C:\MyFiles\PI\Morgan Hector R (DOA 09-13-2005)\Correspondence\10-25-2007

# EXHIBIT "C"

EFiled: Sep 11 2007 1:33PM EDT
Transaction ID 16264404
Case No. 07C-09-077 PLA

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| HECTOR MORGAN, | * | |
| | * | |
| Plaintiff, | * | C.A No |
| | * | |
| vs | * | NON-ARBITRATION CASE |
| | * | |
| DAVID A. MARSH and WAYNE | * | JURY OF 12 DEMANDED |
| STORAGE CO., a Pennsylvania | * | |
| corporation, t/a WAYNE MOVING & | * | |
| STORAGE COMPANY, INC. | * | |
| | * | |
| Defendants | * | |

## CERTIFICATE OF VALUE

I, John F. Gangi, Esquire, attorney for Plaintiff, hereby certify in good faith at this time in

my opinion that the sum of damages of the plaintiff is in excess of $100,000, exclusive of costs

and interest.

GANGI & PRITZKUR, P.A.

BY:  /SS/   John F. Gangi

JOHN F. GANGI, ESQUIRE (ID No. 1034)
712 West Street
Wilmington, Delaware 19801
(302) 656-4090
Attorney for Plaintiff

DATED:  September 11, 2007

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| HECTOR MORGAN | DAVID A. MARSH and WAYNE STORAGE CO. |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF New Castle<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT West Chester<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT<br>OF LAND INVOLVED. |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>John F. Gangi<br>Gangi & Pritzkur<br>712 West Street<br>Wilmington, DE 19801<br>(302) 656-4090 | ATTORNEYS (IF KNOWN)  Delia Clark, Esq.<br>Rawle & Henderson, LLP<br>300 Delaware Avenue, Ste. 1015, Wilmington, DE 19801<br>(302) 778-1200 |

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1.  U.S. Government Plaintiff

☐ 3.  Federal Question (U.S. Government Not a Party)

☐ 2.  U.S. Government Defendant

☒ 4.  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
For diversity cases only    (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | 4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated or Principal Place of Business in Another State | 5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | | Foreign Nation | | ☐6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

Appeal to District

☐ 7 Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | TORTS | FORFEITURE/ PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury-- Med Malpractice | ☐620 Other Food&Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury-- Product Liability | ☐625 Drug Related Seizure of Property 21, USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault, Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employer's Liability | | ☐640 R.R. & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | **PERSONAL PROPERTY** | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Exc. Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☒350 Motor Vehicle | ☐371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐850 Securities/Commodities/ Exchange |
| ☐160 Stockholder's Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | ☐710 Fair Labor Standards Act | ☐861 HIA (1395FF) | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐720 Labor/Mgmt. Relations | ☐862 Black Lung (923) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | ☐730 Labor/Mgmt. Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐892 Economic Stabilization Act |
| | | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐790 Other Labor Litigation | ☐865 RIS (405(g)) | ☐894 Energy Allocation Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motions to Vacate Sentence | ☐791 Empl. Ret. Inc. Security Act | | ☐895 Freedom of Information Act |
| ☐220 Foreclosure | ☐442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐230 Rent Lease & Ejectment | ☐443 Housing/ Accommodations | ☐530 General | | ☐870 Taxes (U.S. Plaintiff or Defendant) | ☐950 Constitutionality of State Statutes |
| ☐240 Torts to Land | ☐444 Welfare | ☐535 Death Penalty | | | ☐890 Other Statutory Actions |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐540 Mandamus & Other | | ☐871 IRS – Third Party 26 USC 7609 | |
| ☐290 All Other Real Property | | ☐550 Civil Rights | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATURE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

28 U.S.C. §§ 1332 & 1446 (d). Motor vehicle accident with personal injuries alleged.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE: November 8, 2007    SIGNATURE OF ATTORNEY OF RECORD _Delia Clark_

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT $ _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____