IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| HECTOR MORGAN : | |
| : | C.A. No. 07-720 |
| v. : | |
| DAVID A. MARSH and WAYNE STORAGE CO. : | JURY TRIAL DEMANDED |
| T/A WAYNE MOVING & STORAGE : | |
| COMPANY, INC. : | |

**DEFENDANT, WAYNE STORAGE CO.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Wayne Storage Co., t/a Wayne Moving & Storage Company, Inc., by and through their attorneys Rawle & Henderson answer the complaint and aver as follows:

1. Denied. After reasonable investigation answering defendant is without sufficient information to admit or deny the truth of the averment contained herein.

2. Admitted in part. It is only admitted that David A. Marsh is a resident of the Commonwealth of Pennsylvania. By way of further answer to the extent that the remaining allegations are conclusions of law no responsive pleading is required under the Rules of Civil Procedure.

3. Admitted in part and Denied in part. It is admitted only that Wayne Storage Co. t/a Wayne moving & Storage Company, Inc. is a corporation authorized and existing under the laws of the Commonwealth of Pennsylvania. By way of further answer, to the extent that the remaining allegations are conclusions of law no responsive pleading is required under the Rules of Civil Procedure.

4. Admitted in part and Denied in part. It is admitted only that on the date and time plaintiff was driving his vehicle in the vicinity of the intersection of West 2nd Street near or at the intersection with Washington Street. The balance of the allegations is denied as conclusions of law to which no responsive pleading is requires under the Rules of Civil Procedure.

5. Admitted in part and denied in part. It is admitted that on the date and location

stated that David A. Marsh was driving a vehicle owned by the defendant, Wayne Storage Co. t/a Wayne Moving & Storage Company, Inc. The balance of the allegations contained in paragraph 5 of the Complaint is denied as conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.

      6.     Admitted in part and denied in part. It is admitted that on the date and location that a collision occurred. The balance of the allegations are denied as conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, Answering Defendant specifically denies any and all allegations of negligence. Strict proof of same will be required at trial.

      7.(a-f)  Denied. The allegations contained in paragraphs 7 and subparts a through f of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, Answering Defendant specifically denies any and all allegations of negligence. Strict proof of same will be required at trial.

      8.(a-c)  Denied. The allegations contained in paragraphs 8 and subparts a through c of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, Answering Defendant specifically denies any and all allegations of reckless or wanton conduct. Strict proof of same will be required at trial.

      9.     Denied. The allegations contained in paragraph 9 of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.

      10.    Denied. Answering Defendant is without sufficient information to form a belief as to the truth of the averments contained herein and therefore same are denied. Strict proof will be required at the time of trial. By way of further answer, the allegations contained in paragraph

2187858-1

10 of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, Answering Defendant denies any and all negligence.

11.     Denied.  Answering Defendant is without sufficient information to form a belief as to the truth of the averments contained herein and therefore same are denied.  Strict proof will be required at the time of trial.  By way of further answer, the allegations contained in paragraph 11 of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, Answering Defendant denies any and all negligence.

12.     Denied.  Answering Defendant is without sufficient information to form a belief as to the truth of the averments contained herein and therefore same are denied.  Strict proof will be required at the time of trial.  By way of further answer, the allegations contained in paragraph 12 of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, Answering Defendant denies any and all negligence.

WHEREFORE, defendant, Wayne Storage Co. t/a Wayne Moving & StorageCompany, Inc., demands that the Complaint be dismissed, and that judgment be rendered in its favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Upon information and belief, the injuries and/or damages alleged by plaintiff, if any,

were caused solely or in part by the negligence of plaintiff, or third parties over whom defendants had no responsibility.

### THIRD SEPARATE DEFENSE

If the event alleged in the Complaint occurred as alleged by plaintiff which is denied, it was in no way caused by an act or omission on the part of answering defendant.

### FOURTH SEPARATE DEFENSE

No conduct on the part of answering defendant contributed to plaintiff's alleged injuries and/or damages.

### FIFTH SEPARATE DEFENSE

Damages allegedly sustained by the plaintiff, if any, were entirely or substantially caused by the negligence of plaintiff, including contributory negligence, comparative negligence, assumption of the risk and/or the negligence of other parties or persons for whom answering defendant had no responsibility, and not by the culpable conduct or negligence of the answering defendant.

### SIXTH SEPARATE DEFENSE

Answering defendant claims all defenses available to them under the provisions of 21 Del.C. §2118, Delaware's Financial Responsibility Law or other applicable No-Fault statute.

### SEVENTH SEPARATE DEFENSE

Upon information and belief, the injuries and/or damages complained of by plaintiff pre-existed or were sustained after the accident which is the subject matter of the Complaint.

### EIGHTH SEPARATE DEFENSE

Service of Process was improper and/or insufficient.

### NINTH SEPARATE DEFENSE

This Honorable Court lacks personal jurisdiction over defendants.

2187858-1

## TENTH SEPARATE DEFENSE

Plaintiff failed to mitigate his damages.

## ELEVENTH SEPARATE DEFENSE

Any alleged occurrence complained of by plaintiff, said occurrence being specifically denied by answering defendant, was the result of an unavoidable accident or sudden emergency.

WHEREFORE, defendant, Wayne Storage Co. t/a Wayne Moving & Storage Company, Inc., demands that the Complaint be dismissed, and that judgment be rendered in its favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

RAWLE & HENDERSON LLP

BY: /s/ Delia Clark
Delia A. Clark (3337)
300 Delaware Ave. – Suite 1015
Wilmington, DE 19801
(302)778-1200
Attorneys for Defendant

2187858-1

## **CERTIFICATE OF SERVICE**

      I, Delia Clark, certify that a true and correct copy of Defendants Answer to Plaintiff's Complaint was served via first class mail on the persons listed below:

John F. Gangi
Gangi & Pritzkur
712 West Street
Wilmington, DE  19801

                              RAWLE & HENDERSON LLP

                              */s/ Delia A. Clark*
                              Delia A. Clark

Dated: November 13, 2007