IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| HECTOR MORGAN : | |
| : | C.A. No. 07-720 |
| v. : | |
| DAVID A. MARSH and WAYNE STORAGE CO. : | JURY TRIAL DEMANDED |
| T/A WAYNE MOVING & STORAGE | |
| COMPANY, INC. : | |

**PLAINTIFF'S ANSWER TO DEFENDANT'S INTERROGATORIES**

A.  General Objections

To the extent that responding party has not responded in the manner requested by Defendant's Interrogatories, the responding party objects to such requests on the ground that they are overbroad, unduly burdensome, harassing and irrelevant and not reasonably calculated to lead to the production of admissible evidence in this action.

Objection is made to the request for discovery to the extent that it seeks disclosure of privileged communications between the Plaintiffs and their attorney to the extent it seeks disclosure of materials prepared by either the Plaintiffs' attorney or by the Plaintiffs for their attorney in anticipation of litigation.

Discovery of the Plaintiff is expressly subject to the following:

1. Inadvertent disclosure of privileged information by the Plaintiff shall not constitute waiver of any applicable privileged, nor shall compliance be construed to waive any objection, including that of relevance to the admissibility into evidence of the discovery produced herewith or of any other information that may be produced in this action.

2. The Plaintiff has exercised his best effort to locate and produce all information properly subject to this request, the Plaintiff cannot be absolutely certain that all

1

information is supplied. Should additional information be discovered, the Plaintiff will supplement this response appropriately.

      3.      The information provided by the Plaintiff and contained herein shall be regarded as a confidential matter and shall not be disclosed by any other parties to any other person or persons except that such information may be available to persons assisting the parties' counsel in this case only for the purpose of preparing for and prosecuting this action.

      4.      The Plaintiff is not producing any writings to or from the Plaintiff and/or his agents and their attorney in connection with litigation or any memorandum or correspondence generated by the Plaintiff and/or his agents, which memorandum and correspondence were produced at the direction of and under the supervision of the attorney for the Plaintiff, documents prepared in anticipation of the litigation or trial of this matter.

## ANSWERS

      1.      State: (a) your full name; (b) date and place of birth; (c) social security number; (d) veterans identification number and (e) present residential address and the address of each other residence which you have had during the past five (5) years.
**ANSWER**: Hector Roy Morgan; ▮▮▮▮▮▮, Manchester, Jamaica; ▮▮▮▮▮▮; 625 Homestead Road, Wilmington, DE 19805.

      2.      Identify all persons with knowledge or information regarding the collision and/or the claims arising therefrom.

2

**ANSWER**: Other than the parties to this action and plaintiff's family, the parties' attorney, agents and employees.  Please see police report, medical records for other person's information.

    3.    Identify all persons who witnessed the accident.

**ANSWER**: None is known other than Hector Morgan and David Marsh.

    4.    Identify any photographs, plans, sketches, drawings, diagrams, (other than drawings or diagrams made by counsel), blueprints or other renderings of the things or areas involved in this collision or the locale or surrounding area of the site of the accident in your possession or the possession of any of your representatives.

**ANSWER**: In addition to the police report, photographs were taken of the plaintiff's vehicle by his carrier. Computer generated color copies were provided to the defendant.

    5.    State in detail all information, whether believed to be credible or not, concerning the cause of the accident, including, but not limited to, where you were going and what you were doing when the accident occurred.

**ANSWER**: Please see complaint and police report.

    6.    Give a detailed description of the nature, extent and duration of any and all injuries allegedly sustained in the accident, including a detailed description of any injury or condition claimed to be permanent.

**ANSWER**: Please see medical records.

    7.    State the name and address of any insurance company which provided a policy of insurance for  health, accident, disability, or workmen's compensation for any

injuries sustained in or as a result of the collision and, for each, identify a policy or group number, any written reservation of rights, non-waiver agreement or other document which in any way asserts to limit the amount of coverage under and pursuant to the terms and conditions of such policy or policies.

**ANSWER**: Please see Plaintiff's Answer to Form 30 Interrogatories No. 6. Please also see documents relating to the plaintiff's worker's compensation claim. (Enclosed).

8. Identify any hospitals, health care centers and/or physicians, physical therapists or other medical personnel, from whom you sought treatment as a result of the collision and, for each, state the names, addresses, dates and duration of all care.

**ANSWER**: Please see medical records and Plaintiff's Answer to Form 30 Interrogatories No. 2.

9. State the name and address of all family physicians or primary health care provider(s) with whom you have treated during the past ten (10) years, and briefly the nature of any illness or injury for which you have been treated during said time.

**ANSWER**: Information relating the plaintiff's primary doctor has been provided. Also, please see medical records.

10. State the name and address of the company who made your prescription glasses that you were wearing at the time of the accident.

**ANSWER**: Not applicable.

11. State the name and address of all pharmacies at which plaintiff filled his prescriptions before and after the date of the accident.

**ANSWER**: Information will be provided when received by Plaintiff. Medical authorization has been signed also allowing Defendant to obtain this information directly.

12. State whether at any time prior to the date of the accident you sustained any injury or had any illnesses or medical condition involving any parts of your anatomy said to have been injured or afflicted as a result of the collision, and if so, give details, including dates.

**ANSWER**: Please see medical records.

13. State whether at any time since the date of the accident you sustained any injury or had any illnesses or medical condition involving any parts of your anatomy said to have been injured or afflicted as a result of the collision, and if so, give details, including dates.

**ANSWER**: No.

14. Itemize in complete detail any and all monies expended or expenses incurred for hospitals, health care centers, physicians, nurses, x-rays, medications, care or equipment, as well as any and all other losses or expenses incurred not otherwise set forth, and state the name and address of each payee and the amount paid or owed each payee.

**ANSWER**: Summary of plaintiff's medical expenses has been provided. Billing statements are available for defendant to examine or copy. Plaintiff will provide updated information when available.

15. State the name and address of each employer; the position you held with respect to each employer; a brief description of your duties; and the average weekly wages for each over the last ten (10) years.

**ANSWER:** Employer: Laborer's International Union of North America, Local 199, 532 Claymont Street, Wilmington, DE 19801; occupation: laborer (since 1992); Disability from work began from 9/13/2005; Average weekly wage: about $807.60 ($20.19/hour).

5

16.     If you have missed time from work or not returned to work, as a result of the alleged injuries, please provide a calculation of the amount of lost wages.

**ANSWER:** Plaintiff's hourly wage at the time of the accident was $20.19 per hour.

17.     If there has been a return to employment or occupation, state the name and address of your present employer, position held, and present weekly wages, earnings, income or profit.

**ANSWER:** Plaintiff has not returned to employment.

18.     State whether you are now receiving, or have you ever received, any disability pension income or insurance, or any workmen's compensation, from any private or governmental agency, company, person or corporation, and if so, identify the provider.

**ANSWER:** Documents relating to the plaintiff's worker's compensation claim are enclosed.

19.     Please provide a detailed description of any economic loss alleged which has been effected as a result of the injuries sustained in this accident.

**ANSWER:**  Mr. Morgan has not received any lost wages since February 9, 2006. Not all of his medical bills have been paid and he will continue to require physical therapy treatment, medications and follow-up care.

20.     Identify all persons whom you expect to call as experts at trial and with respect to each, provide the disclosure mandated under the Federal Rules of Civil Procedure.

**ANSWER:** Plaintiff will provide expert information in accordance with the Court's scheduling order.

21. Identify each and every witness who will testify on behalf of the Plaintiffs at the trial of this action and the subject matter upon which each individual will testify.

**ANSWER:** Plaintiff will call Defendant and the police officer as witnesses relating to liability. Plaintiff will call his treating doctor related to injuries received in the accident on the issue of damages.

22. Identify all exhibits you intend to offer at trial.

**ANSWER:** Plaintiff has not yet decided on which exhibits to offer at trial.

23. If you have ever been convicted of a crime, state the offense for which you were convicted, the date of said conviction and the court and indictment number involved in each and every convicted offense.

**ANSWER:** 5/6/2 Aggravated menacing, resisting Arrest; 1/23/4, Aggravated Menacing; 5/22/94, STPD Ven-Yie.

/s/Bruce L. Hudson
Bruce L. Hudson, Esq.  (Bar # 1003)
800 King Street Suite 302
Wilmington, DE 19801
(302) 656-9850
Attorney for Plaintiff

Dated: May 30, 2008

**CERTIFICATE OF SERVICE**

I, Bruce L. Hudson, Esq., hereby certify that on this 30th day of May, 2008, Plaintiff's Answer to Defendant's Interrogatories was served upon Delia Clark, Esq., via U.S. Mail and electronic filing.

By: /s/ Bruce L. Hudson
Bruce L. Hudson. Esq.
BAR I.D. No. 1003
800 King Street, Suite 302
Wilmington, DE 19801
(302)656-9850
Attorney for Plaintiff