**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HECTOR MORGAN | : | |
| | : | C.A. No. 07-720 |
| v. | : | |
| DAVID A. MARSH and WAYNE STORAGE CO. | : | JURY TRIAL DEMANDED |
| T/A WAYNE MOVING & STORAGE | : | |
| COMPANY, INC. | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

1. A consent form executed by Plaintiff for the release of Plaintiff's school records.

    **RESPONSE**: Will be provided when received.

2. Records or reports of any private physicians and any hospitals or medical facilities relating to examinations and/or treatment of Plaintiff from the date of the alleged accident to the present time for any causes or conditions whatsoever. (Authorization attached).

    **RESPONSE**: Medical records and authorizations are either in the defendant's possession or have been provided to the defendant during initial disclosure.

3. All records or reports of any private physician or hospital or medical facility relating to examinations and/or treatment of Plaintiff prior to the date of the alleged accident for any injuries or conditions:

    (a) affecting the parts of the body alleged in the Complaint to have been injured.

    (b) involving any other injury or condition medically capable of causing any degree of permanent partial impairment of a bodily function.

1

(Authorizations attached).

**RESPONSE**: Medical records and authorizations are either in the defendant's possession or have been provided to the defendant during initial disclosure.

4. All x-ray films taken at any time showing any of the parts of the body alleged to have been injured in the accident and/or identified in Plaintiff's Complaint, or in the alternative, consent forms executed by Plaintiff which will permit a representative of Defendants to have access to such films and any accompanying interpretive reports for the purpose of having them reviewed by medical examiners acting on behalf of Defendants. (Authorization attached).

**RESPONSE**: Medical records and authorizations are either in defendant's possession or have been provided to the defendant during initial disclosure.

5. A consent form executed by Plaintiff which will permit Defendants to obtain the records of any public assistance or welfare organization or agency having locality jurisdiction over the Plaintiff, for any period subsequent to the date of Plaintiff's accident. (Authorization attached).

**RESPONSE**: This authorization has already been signed and given to Defendant's attorney.

6. Please produce any and all documentation identified in response to or requested by Defendants' Interrogatories.

**RESPONSE**: Documents are either in the defendant's possession or have been provided

during initial disclosure.

7. Please produce any and all documentation referred to or reviewed in preparing answers to Defendants' Interrogatories.

**RESPONSE**: Objection. This request is overly broad and seeking information protected by attorney and client privilege and work product doctrine. Without waiving the objection, all known documents are either in the defendant's possession or have been provided during initial disclosure.

8. Please produce any and all documentation pertaining to the alleged accident.

**RESPONSE**: Documents are either in the defendant's possession or have been provided during initial disclosure.

9. Please produce any and all documentation regarding the cause of the alleged accident.

**RESPONSE**: Documents are either in the defendant's possession or have been provided during initial disclosure. Primary documents are the police report and the deposition of the parties.

10. Please produce any documents pertaining to injuries Plaintiff alleges to have sustained as a result of the alleged accident.

**RESPONSE**: Medical records are either in the defendant's possession or have been provided during initial disclosure. Summary of medical expenses has been provided. Billing

statements are enclosed.

11.  Please produce any photographs in Plaintiff's possession taken regarding the alleged accident.

**RESPONSE**: Photographs were taken of the plaintiff's vehicle by his carrier. Computer generated color copies were provided to the defendant.

12.  Please produce any photographs in Plaintiff's possession of Plaintiff's injuries as a result of the alleged accident.

**RESPONSE**: None in the plaintiff's possession.

13.  Please produce copies of any Complaints from any other lawsuits filed on Plaintiff's behalf, at any time, claiming damages and, if Plaintiff maintains that any such Complaints are unobtainable, supply in lieu thereof an affidavit setting forth the caption, court, term and number of any such Complaints and the date of the injuries involved in each.

**RESPONSE**: Objection. This request is overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving the objection, none in the plaintiff's possession.

14.  Please produce a copy of any policies of insurance listing Plaintiff as insured, in effect on or since the date of Plaintiff's alleged injuries, covering loss of earnings and/or medical and hospital expenses and/or other disability benefits and a copy of any claims which Plaintiff

4

has made for benefits under the terms of any such policies during the described period.

**RESPONSE**: Objection. This request is overly broad, unduly burdensome and not reasonably calculated to lead to the production of admissible evidence. Without waiving the objection, documents relating to the plaintiff's worker's compensation claim are enclosed. PIP payout log has been provided and other documents relating to the plaintiff's PIP claim are available for defendant to examine or copy.

15.    Please produce any statements made and executed by any party to the litigation, their agents, servants, representatives, officers and/or employees, as well as any and all written statements which, although not executed by the persons making such statements, have been approved or adopted by them as their versions of the facts stated therein.

**RESPONSE**: Objection. This request is overly broad, unduly burdensome and seeks information protected by attorney and client privilege and work product doctrine. Without waiving the objection, documents are either in defendant's possession or have been provided during initial disclosure.

16.    Please produce copies of any expert reports and *curriculum vitaes* or resumes of expert witnesses expected to testify at trial.

**RESONSE**: Expert information will be provided in accordance with the Court's scheduling order.

17.    Please produce any documents prepared by or at the direction of any testifying

5

expert witness.

**RESONSE**: Expert information will be provided in accordance with the Court's scheduling order.

18. Please produce any materials reviewed by any expert consulted by you concerning this case.

**RESONSE**: Expert information will be provided in accordance with the Court's scheduling order.

19. Please produce all documents Plaintiff intends to introduce at trial.

**RESONSE**: Plaintiff has not decided on which documents to introduce at trial. Medical records are either in defendant's possession or have been provided during initial disclosure.

20. Please produce any and all maintenance and repair records for the vehicle which was occupied by Plaintiff at the time of the accident, as further described in the Complaint, for three (3) years prior to the accident to the present time.

**RESONSE**: None in the plaintiff's possession.

/s/Bruce L. Hudson  
Bruce L. Hudson, Esq.  (Bar # 1003)  
800 King Street Suite 302  
Wilmington, DE 19801  
(302) 656-9850  
Attorney for Plaintiff

Dated: May 30, 2008

**CERTIFICATE OF SERVICE**

I, Bruce L. Hudson, Esq., hereby certify that on this 30th day of May, 2008, Plaintiff's Response to Defendant's Request for Production was served upon Delia Clark, Esq., via U.S. Mail and electronic filing.

                By: /s/ Bruce L. Hudson
                Bruce L. Hudson. Esq.
                BAR I.D. No. 1003
                800 King Street, Suite 302
                Wilmington, DE 19801
                (302)656-9850
                Attorney for Plaintiff