IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

HECTOR MORGAN                          :
                                       :   C.A. No.  07-720
       v.                              :
                                       :
DAVID A. MARSH and WAYNE STORAGE CO.   :   JURY TRIAL DEMANDED
T/A WAYNE MOVING & STORAGE             :
COMPANY, INC.                          :

## NOTICE OF MOTION

TO:   Bruce L. Hudson, Esquire
800 N. Kings Street, Ste. 302
Wilmington, DE 19801

Delaware Psychiatric Center
1901 N. Dupont Highway
New Castle, DE  19720

   PLEASE TAKE NOTICE that the undersigned will present the defendants, David Marsh and Wayne Storage Co.'s, Motion to Enforce the Subpoena will be presented to the Court on September 12, at 2:00 p.m. or soon thereafter as may be heard.

                              RAWLE & HENDERSON LLP


                              By:_____/s/ Delia A. Clark_____
                              Delia A. Clark 3337
                              Attorneys for Defendants,
                              David A. Marsh and Wayne Storage Co., t/a
                              Wayne Moving & Storage Company, Inc.
                              300 Delaware Avenue, Suite 1015
                              Wilmington, DE 19809

2498604-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

HECTOR MORGAN                                :
                                             :   C.A. No. 07-720
      v.                                   :
DAVID A. MARSH and WAYNE STORAGE CO. :            JURY TRIAL DEMANDED
T/A WAYNE MOVING & STORAGE                   :
COMPANY, INC.                                :

## ORDER

    AND NOW, on this _____ day of _____, 2008, upon consideration of defendants' Motion to Compel and for Sanctions, and plaintiff's response thereto, if any, it is hereby ORDERED that said Motion is GRANTED and Delaware Psychiatric Center is found to be in CONTEMPT of the January 31, 2008 Subpoena; and it is

    FURTHER ORDERED that Delaware Psychiatric Center is required to fully and completely comply with the January 31, 2008 Subpoena or suffer further sanctions upon application to this Court.

                                          BY THE COURT:

                                          _____ J.

2498606-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

HECTOR MORGAN                               :
                                            :    C.A. No. 07-720
        v.                                  :
                                            :
DAVID A. MARSH and WAYNE STORAGE CO. :            JURY TRIAL DEMANDED
T/A WAYNE MOVING & STORAGE                  :
COMPANY, INC.                               :

**DEFENDANTS' MOTION FOR CONTEMPT TO HONOR SUBPOENA AND TO ENFORCE SUBPOENA**

Pursuant to Federal Rules of Civil Procedure 37 and 45, defendants, David A. Marsh and Wayne Storage Co., t/a Wayne Moving & Storage Company, Inc., hereby move this Honorable Court for an Order finding Delaware Psychiatric Center in contempt of a January 31, 2008 subpoena and move to enforce the subpoena. In support of their motion defendants aver as follows:

1.  On January 31, 2008, defendants properly served a Subpoena *Duces Tecum* on Delaware Psychiatric Center. A true and correct copy of the January 31, 2008 Subpoena and transmittal letter are attached hereto as Exhibit "A."

2.  The items requested in the subpoena were not burdensome or expensive and were relevant to the litigation.

3.  The records requested are relevant to the matters involved in this litigation.

4.  Plaintiff has a history of psychiatric problems and treatment before and subsequent to the accident at issue in this litigation.

5.  Plaintiff suffers from schizophrenia and has had several physical altercations as well as hospital admissions both before and subsequent to the accident at issue in this litigation.

2477392-1

6. No Motion for Protective Order or Motion to Quash was filed in response to the subpoena.

7. Without the records from Delaware Psychiatric Center, defendants will be unfairly prejudiced.

8. The discovery deadline in this matter is December 15, 2008.

WHEREFORE, defendants, David A. Marsh and Wayne Storage Co., t/a Wayne Moving & Storage Company, Inc., respectfully request that this Honorable Court enter the attached Order finding Delaware Health and Social Services in Contempt of the January 31, 2008 Subpoena and enforce the subpoena.

            RAWLE & HENDERSON LLP

            By: /s/ *Delia A. Clark*
               Delia A. Clark
               Attorneys for Defendants,
               David A. Marsh and Wayne Storage Co., t/a
               Wayne Moving & Storage Company, Inc.

Dated: August 5, 2008

2477392-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

HECTOR MORGAN                       :
                                    :      C.A. No. 07-720
        v.                          :
                                    :
DAVID A. MARSH and WAYNE STORAGE CO. :      JURY TRIAL DEMANDED
T/A WAYNE MOVING & STORAGE          :
COMPANY, INC.                       :

### LOCAL RULE 7.1 CERTIFICATION OF COUNSEL

Counsel for Defendants have made a reasonable effort to reach an agreement with opposing counsel on the matters set forth in the foregoing motion.

                              RAWLE & HENDERSON LLP

                              By: _____/s/ Delia A. Clark_____
                                      Delia A. Clark
                                      Attorneys for Defendants,
                                      David A. Marsh and Wayne Storage Co., t/a
                                      Wayne Moving & Storage Company, Inc.

Dated: August 5, 2008

2477392-1

## CERTIFICATE OF SERVICE

      It is hereby certified that a true and correct copy of Defendants' Motion to Compel and for Sanctions, was served via electronic filing on the following:

Bruce L. Hudson, Esquire
800 N. Kings Street, Ste. 302
Wilmington, DE 19801

And by regular mail on:

Delaware Psychiatric Center
1901 N. Dupont Highway
New Castle, DE 19720

                RAWLE & HENDERSON, L.L.P.

                *Delia A. Clark*
                Delia A. Clark

Dated: August 5, 2008

2477392-1

# EXHIBIT "A"

MARLA L. BITMAN  
856-797-8921  
mbitman@rawle.com

40 LAKE CENTER EXECUTIVE PARK  
SUITE 200, 401 ROUTE 73 NORTH  
MARLTON, NJ 08053

TELEPHONE:(856) 596-4800  
FACSIMILE:(856) 596-6164

January 31, 2008

Delaware State Hospital  
1901 N Dupont Highway  
New Castle, DE 19720

      RE: Morgan v. Wayne Storage co. and David Marsh  
         Our File No.: 301,455

Dear Sir/Madam:

    Enclosed is a subpoena requiring you to produce <u>any</u> and <u>all</u> document(s) from regarding **Hector Morgan, 625 Homestead Road, Wilmington, DE 19805; SSN: 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, DOB: 12/19/58** on or before **February 18, 2008.**

    We will reimburse you for the reasonable cost of copying and mailing the requested records. Kindly provide us with an invoice, and forward the invoice along with the records, to my attention, at the address noted above.

Very truly yours,

RAWLE & HENDERSON LLP

By:  
    Marla L. Bitman, Paralegal to  
    Delia A. Clark, Esquire

MLB/  
Enclosure  
cc:    Bruce Hudson, Esquire (w/encl.)

2281592-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| HECTOR MORGAN | : |
| | : C.A. No. 07-720 |
| v. | : |
| DAVID A. MARSH and WAYNE STORAGE CO. | : JURY TRIAL DEMANDED |
| T/A WAYNE MOVING & STORAGE | : |
| COMPANY, INC. | : |

TO:   Records Custodian
      Delaware Psychiatric Center
      1901 North DuPont Highway
      New Castle, DE 19720

**X YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Any and all records**, including but not limited to Patient questionnaire, Patient information sheet, doctor's notes, nurses' notes, consultation reports, notes of other office and medical personnel, history notes, hand-written notes, and typed notes, electronic data including electronic data stored in a retrieval system, office records, billing statements, payment records, health insurance claim forms, correspondence, correspondence from attorney to Deponent, correspondence from Deponent to attorney, memoranda, index cards, radiology reports, medical records, medical reports, prescription slips, and any other records, reports, records stored at an off-site facility, and any other documentation relating to any examination, consultation, care or treatment rendered at any time to: **Hector Morgan, 625 Homestead Road, Wilmington, DE 19805, DOB: 12/19/58, SSN: 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**. **A personal appearance is waived if the documents are received before the dated listed below.**

| PLACE | DATE AND TIME |
|---|---|
| Rawle & Henderson LLP | February 18, 2008 at 10:00 a.m. |
| 300 Delaware Avenue, Suite 1015 | |
| Wilmington, DE 19801 | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. *Delaware Superior Court Civil Rule 30(b)(6).*

REQUESTING PARTY'S NAME, ADDRESS AND PHONE NUMBER
Delia A. Clark, Esquire
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801
Telephone (302) 654-0500

ISSUING PARTY'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    DATE

2281580-1

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | DATE | PLACE<br>1901 North DuPont Highway<br>New Castle, DE 19720 |
| SERVED ON (PRINT NAME)<br>Delaware Psychiatric Center | | MANNER OF SERVICE<br>CERTIFIED MAIL |
| SERVED BY (PRINT NAME)<br>DELIA CLARK, ESQ. | | TITLE<br>ATTORNEY FOR DEFENDANTS |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the proof of Service is true and correct.

Executed on _____
        DATE

SIGNATURE OF SERVER
ADDRESS OF SERVER
RAWLE & HENDERSON LLP
300 Delaware Avenue
Suite 1015
Wilmington, DE 19801

Superior Court Civil Rule 45, Parts C, D & E:

© PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
     (3)(A) On timely motion, the court by which a subpoena was issued
shall quash or modify the subpoena if it

       (I) fails to allow reasonable time for compliance;
       (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person
resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(b)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
       (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
       (iv) subjects a person to undue burden.

(B) If a subpoena
       (I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
       (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
       (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production upon specified conditions.

2281580-1

(d) DUTIES IN RESPONDING TO SUBPOENA

(1)(A) A person responding to a subpoena to product documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(e) Contempt.

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court.

2281580-1

N THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

HECTOR MORGAN　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　: C.A. No. 07-720
　　v.　　　　　　　　　　　　　　　　　　:
DAVID A. MARSH and WAYNE STORAGE CO. : JURY TRIAL DEMANDED
T/A WAYNE MOVING & STORAGE　　　　　　:
COMPANY, INC.　　　　　　　　　　　　　:

## CERTIFICATE OF AUTHENTICITY

Delaware Psychiatric Center
1901 North DuPont Highway
New Castle, DE 19720

　　Re:　　Hector Morgan

　　I am the Custodian of Records for the above-named deponent.

　　I hereby declare under the penalty of perjury under the laws of the United States of America that a thorough search of our files was made in answer to the Records Subpoena attached hereto, and that the documents provided herein represent a full and complete response to the documents requested in the aforesaid Subpoena.

　　I further declare under the penalty of perjury under the laws of the United States of America that the attached documents are true and correct copies of the originals retained by our office.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　SIGNATURE

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　(PRINT NAME)

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　(TITLE)

　　　　　　　　　　　　　　　　　　　DATE:_____

2281580-1